IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HERMAN A. HAYES, SR., | |
| Plaintiff, | CIVIL ACTION |
| v. | No. 1:10-CV-1643-TWT-GGB |
| INTERSTATE MANAGEMENT CO. LLC, | |
| Defendant. | |

## NON-FINAL REPORT AND RECOMMENDATION

This employment discrimination action is before the court on Defendant Interstate Management Co. LLC's ("Defendant" or "Interstate") motion to dismiss Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to exhaust administrative remedies and failure to state a claim. (Doc. 8). Plaintiff Herman A. Hayes, Sr. ("Plaintiff"), who is proceeding *pro se*, did not respond to the motion. For the reasons discussed below, I **RECOMMEND** that Defendant's motion to dismiss (Doc. 8) be **GRANTED IN PART and DENIED IN PART**. Specifically, Plaintiff's age discrimination claim asserted under the Age Discrimination in Employment Act ("ADEA") is due to be dismissed. With regard to Plaintiff's race discrimination claim asserted under Title VII, I **RECOMMEND** that Defendant's

motion to dismiss (Doc. 8) be **DENIED without prejudice to renew** and that Plaintiff be **ORDERED** to re-plead his complaint.

## I. BACKGROUND FACTS

Discovery in this action has not yet begun, so the available facts are sparse. For purposes of this motion to dismiss, the following facts alleged by Plaintiff are assumed to be true. Plaintiff commenced employment with Defendant at the Doubletree Hotel as a server/cook in or about April 2008. On January 15, 2010, Plaintiff was in the process of setting up banquet displays for a "kickoff employee" meeting when the general manager, Frank Cook (who is white) said, "Come on, old man, get moving," and kicked Plaintiff in the rear end. There were several witnesses, and the comment and kick made Plaintiff "very angry." Plaintiff subsequently complained to Cook's supervisor, Fouad Faraj, the company's regional manager. Faraj purportedly concluded that the incident was accidental and informed Plaintiff that he should just return to work and forget the incident. (Doc. 3, Complaint, at 3).

On February 3, 2010, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC Charge") alleging that: (1) Frank Cook had kicked him in the buttocks; (2) Plaintiff had filed a police report and applied for a warrant; (3) Faraj told him that "Frank Rogers" [sic] kicked him unintentionally;

(4) Plaintiff had not returned to work due to fear; and (5) Plaintiff believed that he had been discriminated against because of his race (African American). (Doc. 8-2 at 2, EEOC Charge).

After Plaintiff filed his EEOC Charge, Defendant's human resources department investigated Plaintiff's allegations and terminated the employment of Frank Cook. (Compl. at 4). The EEOC also investigated Plaintiff's claims and issued Plaintiff a notice of right to sue on May 7, 2010. (Compl. at 4, 7).

On May 27, 2010, on a Title VII complaint form provided by the court for *pro se* litigants filing employment discrimination lawsuits, Plaintiff filed in this court a complaint against his employer, alleging that he was physically assaulted and discriminated against on the basis of race, in violation of Title VII, and discriminated against on the basis of age, in violation of the ADEA. (Doc. 3).

On November 8, 2010, Defendant filed a motion to dismiss (Doc. 8), arguing that Plaintiff's ADEA claim should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to exhaust administrative remedies because Plaintiff's ADEA claim is outside the scope of his EEOC Charge. Defendant argues that Plaintiff's race discrimination claim should also be dismissed because his complaint fails to set forth

3

any allegations that reference or infer that race played a part in any employment decision affecting Plaintiff's employment. (Doc. 8 at 2).

## II.  LEGAL STANDARD

In order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).

In Iqbal, the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that

AO 72A
(Rev.8/82)

>are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2))(other citations omitted).

Because Plaintiff has filed his complaint *pro se*, his complaint will be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations and internal quotation marks omitted). All reasonable inferences will be made in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

5

AO 72A
(Rev.8/82)

## III.  DISCUSSION

### A.  Exhaustion of Administrative Remedies

Like Title VII, the ADEA requires an individual alleging age discrimination in employment first to file a charge with the EEOC and to completely exhaust the administrative remedies available from the EEOC before filing suit in federal court. 29 U.S.C. § 626(d)(1); see also Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004)("The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit.").  As a general rule, an ADEA plaintiff may not bring any claim in his lawsuit that was not included in his EEOC charge.  See Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004) (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)("the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination")).  Thus, a plaintiff is precluded from pursuing any claims in a federal court action that are not "like or related" to the claims asserted by the plaintiff in his EEOC charge, or that could not reasonably be expected to arise during the course of the EEOC investigation.  Id.; see also Coon v. Ga. Pac. Corp., 829 F.2d 1563, 1568-69 (11th Cir. 1987)(limiting plaintiff's action in court to single claim contained in

plaintiff's EEOC charge).

## B.     Age Discrimination Claim

Plaintiff's EEOC Charge alleges that he was discriminated against on the basis of race in violation of Title VII. (Doc. 8-2 at 2).  On Plaintiff's EEOC Charge form in the area provided for the claimant to designate the basis for the alleged discrimination, only the "race" box is checked.  Nowhere in Plaintiff's narrative statement or elsewhere in his Charge does he mention that he was discriminated against on the basis of age, nor does his Charge state any facts from which an age discrimination claim could be inferred.

Due to the singular focus of Plaintiff's EEOC Charge which alleges only race discrimination, I find that Plaintiff's age discrimination claim is in no way "like or related" to the claim asserted in Plaintiff's EEOC Charge, and it could not reasonably be expected to arise during the course of the EEOC investigation.  See Coon, 829 F.2d at 1569.  Accordingly, I **RECOMMEND** that Defendant's motion to dismiss be **GRANTED** with respect to Plaintiff's age discrimination claim under the ADEA.

## C.     Race Discrimination Claim

Defendant contends that Plaintiff has also failed to state a claim of race discrimination under Title VII.  Defendant argues that the crux of Plaintiff's complaint

is that his manager "physically assaulted [him] and failed to provide a safe working environment," and that Regional Manager Fouad Faraj, who is identified as "Middle Eastern," "tried to cover up the incident." (Doc. 8-1 at 9).

In the Eleventh Circuit, if it appears that a more carefully drafted complaint might state a claim upon which relief could be granted, the district courts have generally provided an opportunity for *pro se* plaintiffs, such as Hayes, to correct pleading deficiencies via amendment even where no request for leave to amend has been made, so long as "a more carefully drafted complaint might state a claim." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by* Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002)(en banc)("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."); Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985).

It is within the court's discretion to demand a more definite statement on its own initiative. See Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 907 n.13 (11th Cir. 1996)("The court clearly ha[s] the discretion to strike, on its own initiative, the [plaintiff's] complaint, and to require the [plaintiff] to file a more definite statement."). When a complaint fails to plead all elements of the cause of action, fails to plead any

8

facts supporting the elements of the cause of action, or states the claim in a vague or ambiguous manner, the court may dismiss the complaint or order the plaintiff to file a more definite statement, re-pleading his or her claim in accordance with the Federal Rules of Civil Procedure. See Pelletier v. Sweifel, 921 F.2d 1465, 1522 & n.103 (11th Cir. 1991)(directing district courts to intervene at the earliest opportunity to require that a complaint be repleaded in accordance with the Federal Rules of Civil Procedure).

Therefore, the court will *sua sponte* authorize Plaintiff to file an Amended Complaint that comports with the minimum pleading standards as described above. To that end, Plaintiff is **ORDERED** to file on or before **February 25, 2011** an Amended Complaint that satisfies these standards, including without limitation (1) specific identification of the legal claim or cause of action that he intends to assert against Interstate Management, and (2) sufficient factual allegations to support a reasonable inference that his claim is plausible, that he has been wronged, and that Interstate Management is liable for the misconduct alleged. On the second point, Plaintiff must set forth in his Amended Complaint what he contends Cook and/or Faraj did to him, what facts lead him to contend that this treatment was discriminatory on the basis of

race,[1] and any factual allegations he may have tending to show that he was treated less favorably than other similarly-situated non-African-American employees. In the event that Plaintiff does not file an Amended Complaint in a timely manner, this court may recommend that the action be dismissed for failure to prosecute and failure to comply with the orders of this court.

## IV.  CONCLUSION

For the reasons discussed above, I **RECOMMEND** that Defendant's motion to dismiss (Doc. 8) be **GRANTED IN PART AND DENIED IN PART**. I **RECOMMEND** that Defendant's motion to dismiss with regard to Plaintiff's age discrimination claim under the ADEA (Doc. 8) be **GRANTED** and the claim dismissed for failure to exhaust administrative remedies. With regard to Plaintiff's Title VII race discrimination claim, I **RECOMMEND** that Defendant's motion to dismiss (Doc. 8) be **DENIED without prejudice to renew**.

Plaintiff is hereby **ORDERED** to file an Amended Complaint correcting the pleading deficiencies identified herein **on or before February 25, 2011**. Failure by

---

[1] Plaintiff's ADEA claim is barred by failure to exhaust administrative remedies, as discussed herein.

Plaintiff to comply with these requirements in a timely manner may result in dismissal of this action for failure to prosecute and failure to comply with the orders of this court.

**IT IS SO RECOMMENDED AND ORDERED**, this 16th day of February, 2011.

						_____
						GERRILYN G. BRILL
						UNITED STATES MAGISTRATE JUDGE