IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HERMAN A. HAYES, SR., | |
| Plaintiff, | CIVIL ACTION |
| v. | No. 1:10-CV-1643-TWT-GGB |
| INTERSTATE MANAGEMENT CO., LLC, *doing business as* Doubletree Hotel Atlanta, Galleria, | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION**

This *pro se* employment discrimination action is before the court on Defendant Interstate Management Co., LLC's renewed motion to dismiss Plaintiff's original and amended complaints, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. (Doc. 13). Plaintiff Herman A. Hayes, Sr. ("Plaintiff"), who is proceeding *pro se*, did not respond to the motion. For the reasons discussed below, I **RECOMMEND** that Defendant's renewed motion to dismiss (Doc. 13) be **GRANTED**.

**I. BACKGROUND FACTS**

For purposes of this motion to dismiss, the following facts alleged by Plaintiff are assumed to be true. Plaintiff commenced his most recent employment with

Defendant at the Doubletree Hotel as a server/cook in or about June 2009.[1] On Friday, January 15, 2010, Plaintiff was in the process of setting up banquet displays for a "kickoff employee" meeting when the general manager, Frank Cook (Caucasian), told Plaintiff, "Come on, old man, get moving," and kicked him forcefully on his buttocks. There were several witnesses, and the comment and kick made Plaintiff "very angry." Plaintiff became so angry that his immediate supervisor suggested that he leave the property, and Plaintiff sought medical assistance for his anger at a midtown Atlanta emergency room. (Doc. 12, Am. Compl., at 7). Plaintiff also filed a police report and applied for an arrest warrant with the Cobb County Police Department. (Id. at 9). Plaintiff later complained to Cook's supervisor, Fouad Faraj, the company's regional manager. Faraj purportedly concluded that the incident was accidental and told Plaintiff that he should just return to work and forget the incident. (Doc. 3, Compl., at 3; Am. Compl. at 6-11).

---

[1] In his amended complaint, Plaintiff alleges that he also worked for Defendant on two previous occasions: (1) Plaintiff worked as food and beverage supervisor/banquet captain from September 2003 to February 2005, when he was terminated for alleged financial misconduct; (2) he was rehired in April 2008 and worked until December 2008 as a weekend bartender and server. He left voluntarily in December 2008 to take a job in Spartanburg, South Carolina. (Am. Compl. at 2-5).

2

On February 3, 2010, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC Charge") alleging that: (1) Frank Cook had kicked him in the buttocks; (2) Plaintiff had filed a police report and applied for a warrant; (3) Faraj told him that "Frank Rogers" [sic] kicked him unintentionally; (4) Plaintiff had not returned to work due to fear; and (5) Plaintiff believed that he had been discriminated against because of his race (African American). (Doc. 13-2 at 2, EEOC Charge).

After Plaintiff filed his EEOC Charge, Defendant's human resources department investigated Plaintiff's allegations and terminated the employment of Frank Cook. (Compl. at 4; Am. Compl. at 11). The EEOC also investigated Plaintiff's claims and issued Plaintiff a notice of right to sue on May 7, 2010. (Compl. at 4, 7).

In his amended complaint, Plaintiff alleges that when he returned to work in April 2010 after Cook was fired, he negotiated with Defendant to get back pay and reimbursement for his medical expenses associated with the kicking incident, as well as therapy for his anger. However, when the new general manager provided Plaintiff with a written agreement allegedly memorializing the parties' understanding, the agreement provided only back pay and did not provide any assistance with counseling or therapy, so Plaintiff refused to sign it. (Am. Compl. at 12). Plaintiff alleges that

3

after he refused to sign the agreement, he continued to work under "very uncomfortable conditions until [he] was hired at Southern Polytechnic University as a catering supervisor."  (Id. at 13).

On May 27, 2010, on a Title VII complaint form provided by the court for *pro se* litigants filing employment discrimination lawsuits, Plaintiff filed in this court a complaint against Defendant, alleging that he was physically assaulted and discriminated against on the basis of race, in violation of Title VII, and discriminated against on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA").  (Doc. 3, Compl.).

On November 8, 2010, Defendant filed a motion to dismiss (Doc. 8), arguing that Plaintiff's ADEA claim should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to exhaust administrative remedies because Plaintiff's ADEA claim was outside the scope of his EEOC Charge.  Defendant argued that Plaintiff's race discrimination claim should also be dismissed because his original complaint failed to set forth any allegations that referenced or implied that race played a part in any employment decision affecting Plaintiff's employment. (Doc. 8 at 2). Plaintiff did not file a response in opposition to Defendant's motion to dismiss.

4

On February 17, 2011, I issued a Non-Final Report and Recommendation ("R&R") recommending that the district court grant in part and deny in part Defendant's motion to dismiss. (Doc. 11). Specifically, I recommended that Defendant's motion to dismiss with regard to Plaintiff's age discrimination claim under the ADEA be granted and the claim dismissed for failure to exhaust administrative remedies. With regard to Plaintiff's Title VII race discrimination claim, I recommended that Defendant's motion to dismiss be denied without prejudice to renew. Plaintiff was ordered to file an amended complaint correcting the multiple pleading deficiencies identified in the R&R on or before February 25, 2011. The R&R was subsequently adopted in full by the district court. (Doc. 14).

On February 25, 2011, Plaintiff filed a handwritten amended complaint (Doc. 12), and on March 14, 2011, Defendant filed a renewed motion to dismiss. (Doc. 13). Plaintiff has not filed a response in opposition to Defendant's renewed motion to dismiss, thereby indicating no opposition. See Local Rule 7.1(B)("Failure to file a response shall indicate that there is no opposition to the motion.").

## II. LEGAL STANDARD

In order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is

and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).

In Iqbal, the Supreme Court clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (internal quotes and citations omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief

survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2))(other citations omitted).

Because Plaintiff has filed his complaint *pro se*, his complaint will be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations and internal quotation marks omitted). All reasonable inferences will be made in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

### III.   DISCUSSION

**A.   Plaintiff's Remaining Claim**

Because Plaintiff's age discrimination claim under the ADEA has been dismissed, the only claim remaining for the court's consideration is Plaintiff's race discrimination claim. Defendant seeks dismissal of Plaintiff's Title VII race discrimination claim on the grounds that Plaintiff's original and amended complaints

7

fail to set forth any race discrimination allegations. Defendant argues that the crux of Plaintiff's complaints is that his manager "physically assaulted [him] and failed to provide a safe working environment," and that Regional Manager Fouad Faraj, who is identified as "Middle Eastern," "tried to cover up the incident." (Doc. 13-1 at 10-11; Compl. at 2). Defendant contends that Plaintiff's allegations are insufficient as a matter of law because they fail to plausibly suggest that race played any role in any employment decision by Defendant regarding Plaintiff's employment.

**B.    Race Discrimination Claim**

To establish a *prima facie* case of race discrimination under Title VII based on circumstantial evidence, Plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subjected to an adverse employment action; and (4) he was replaced by or treated differently than someone similarly situated outside his protected classification. See Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004); Coutu v. Martin County Bd. of County Comm'rs, 47 F.3d 1068, 1073 (11th Cir. 1995).

In the court's order directing Plaintiff to file an amended complaint, the court specifically instructed Plaintiff that he "must set forth in his Amended Complaint what he contends Cook and/or Faraj did to him, what facts lead him to contend that this

8

treatment was discriminatory on the basis of race, and any factual allegations he may have tending to show that he was treated less favorably than other similarly-situated non-African-American employees."  (Doc. 11 at 9-10).

While Plaintiff alleges offensive and possibly tortious or criminal conduct by Frank Cook, Plaintiff's amended complaint is insufficient to state a claim of race discrimination under the standards set forth in Twombly and Iqbal.  There are only two references to race in Plaintiff's entire amended complaint.[2]  The first reference pertains to employees "of color" – other than Plaintiff –  who "thought that Frank [Cook] was acting in a racist way quite a bit" and were "glad when [Plaintiff] would stand up to him" (Am. Compl. at 6).  The second is a reference to Frank Cook as Plaintiff's "white

---

[2] The same is true with regard to Plaintiff's initial complaint. (Compl. at 2-3). The court notes that at the time Defendant filed its renewed motion to dismiss, the district court had not yet adopted the R&R recommending dismissal of Plaintiff's ADEA claim; therefore, Defendant's renewed motion to dismiss addresses all of Plaintiff's claims in both Plaintiff's original and amended complaints. Since that time, Plaintiff's ADEA claim has been dismissed, and the amended complaint that Plaintiff filed supersedes his original complaint.  Therefore, the only complaint remaining at issue before this court is the amended complaint that Plaintiff filed on February 25, 2011.  See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.")(citation and internal quote marks omitted); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982)("Under the Federal Rules, an amended complaint supersedes the original complaint.").

superior" (id. at 14). Plaintiff's amended complaint fails to explain or allege how Cook behaved in a racist way towards him.

Plaintiff's allegations of Frank Cook's offensive conduct or Defendant's failure to pay for counseling and/or therapy fail to raise a right to relief, under Iqbal/Twombly. See Iqbal, 129 S. Ct. at 1949 (stating that the "pleading standard Rule 8 announces ... demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement."). Accordingly, Plaintiff's amended complaint is due to be dismissed for failure to state a claim of race discrimination under Title VII.

## IV.  CONCLUSION

For the reasons discussed above, I **RECOMMEND** that Defendant's renewed motion to dismiss (Doc. 13) be **GRANTED** in its entirety.

**IT IS SO RECOMMENDED**, this 9th day of September, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)